UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANNY O'DELL** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-9156** |
| **UNITED STATES FEDERAL GOVERNMENT,** *et al.* | **SECTION: I/2** |

### ORDER AND REASONS

Before the Court is a motion filed by defendant, Halliburton Company ("Halliburton"), to dismiss plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff in this matter is Danny O'Dell, *pro se*. For the following reasons, defendant's motion is **GRANTED**.

### *BACKGROUND*

On November 1, 2006, plaintiff filed his complaint in this Court with the inflammatory title "Katrina Killings and Societal Beheadings."[1] The complaint included a number of allegations against Halliburton and the federal government: (1) discrimination by "willfully ignor[ing] severe storm warnings to deliberately abase, abate, and disseminate the Negro population of Southern Louisiana"; (2) depletion of federal revenues; (3) attempting to overthrow the Social Security Department; (3) terrorism, including involvement in the "Israel/Lebanon fiasco"; (4) "nuclear mechanism"; and (5) "secrecy" relating to underground CIA agents and the United States Marshals' "hit list." Plaintiff has filed a number of other

---

[1] Rec. Doc. No. 1.

papers with the Court that include similarly broad and excited allegations.[2] In just over two months, plaintiff has managed to file nine documents with the Court, many of which are incoherent and fail to comply with the Local Rules and Federal Rules of Civil Procedure.

On December 13, 2006, Halliburton filed this motion to dismiss. In its motion, defendant argues that this Court lacks jurisdiction over this matter and that plaintiff has failed to state a claim against it. Plaintiff's response appears to argue that this Court has federal question jurisdiction.

## *LAW AND ANALYSIS*

### I. Standards of Law

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction. Subsection (6) of the same rule provides for dismissal for the failure of a party to state a claim for which relief can be granted. Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (holding that where there are grounds for dismissal under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted, the "court should dismiss only on the jurisdictional ground . . . without reaching the question of failure to state a claim")). This approach "prevents a court

---

[2]In plaintiff's amended complaint, he adds claims for "national security" and "nuclear detonation," and he requests the recusal of the undersigned district judge for his "ignorance and stupidity." Rec. Doc. No. 18. O'Dell's demand for injunction seeks restraining orders against the National Security Administration, the New York Stock Exchange, the United States Marshals Service, and Judge Royal Ferguson of the United States District Court for the Western District of Texas. Rec. Doc. No. 15. Plaintiff has also filed a demand for disclosure of evidence, Rec. Doc. No. 17, and a "motion to intervene amended pleadings and criminal charges," Rec. Doc. No. 16. Most recently, plaintiff has filed a "notification of federal appeal," which purports to add criminal charges against Beverly Peavy.

without jurisdiction from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161.  Where dismissal under Rule 12(b)(1) is appropriate, the plaintiff is not precluded from seeking relief in another forum with proper jurisdiction because no determination on the merits has been made.  See *Hitt*, 561 F.2d at 608.

*A. Motion to Dismiss for Lack of Jurisdiction*

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Such a motion may be decided by the court on one of three bases:  (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts.  *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction.  *Ramming*, 281 F.3d at 161.  The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citation omitted).

*B. Motion to Dismiss for Failure to State a Claim*

A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  This Court will not look beyond the factual allegations in the pleadings

to determine whether relief should be granted however.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  In assessing the complaint, a court must accept all well-pleaded facts in the complaint as true and liberally construe all factual allegations in the light most favorable to the plaintiff.  *Id.*; *Lowry v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

"However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . .'"  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)) (alteration in original).  "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation and citation omitted).  Accordingly, "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."  *Id.* (internal quotation and citation omitted); *Blackburn*, 42 F.3d at 931 (internal quotation and citation omitted).

**II. Discussion**

*A.  Lack of Jurisdiction*

The Court agrees with defendant's argument that plaintiff has failed to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Both plaintiff and defendant appear to be domiciled in Texas,[3] and plaintiff has failed to make any allegation that the amount in controversy in this case exceeds the jurisdictional minimum.  Accordingly, the Court finds that it does not have diversity jurisdiction over this matter.

---

[3] Plaintiff's mailing address is in Texas, and he offers no other evidence of his domicile.  Defendant is a corporation with its principal place of business in Texas.  Rec. Doc. No. 12-7, p. 2.

Defendant also argues that plaintiff has failed to assert any claims arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331 for federal question jurisdiction. The Court agrees that plaintiff's complaint is devoid of any reference to a specific federal basis for his claims. Plaintiff's response to defendant's motion, however, frames several of his claims in language drawn from the United States Constitution. As plaintiff is appearing *pro se*, the Court is permitted to examine his complaint with "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972). His pleadings are to be construed liberally. *U.S. v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). At this juncture, therefore, the Court finds that it has federal question jurisdiction over plaintiff's claims pursuant to § 1331.

*B. Failure to State a Claim*

Defendant also argues that plaintiff's complaint fails to state a claim upon which any relief can be granted. Despite the lenient standard against which plaintiff's claims are measured and the low bar presented by a Rule 12(b)(6) motion, the Court agrees that plaintiff has failed to state a legally cognizable claim. Plaintiff's complaint, amendments, and additional filings state only meritless claims with no legal basis and no factual support. Plaintiff's complaint presents conclusory allegations, and he has failed to provide the requisite detail necessary to sustain his allegations pursuant to any federal law. *See also* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (requiring that a court dismiss a case where the action is frivolous, malicious, or fails to state a claim).

The Court also notes that plaintiff has filed several other similar claims in the United States District Court for the Western District of Texas.[4] In one such case, plaintiff was

---

[4] *See O'Dell v. Olson*, Civil Action No. 06-881; *O'Dell v. State of Texas*, Civil Action No. 06-113; *O'Dell v. Phillips, et al.*, Civil Action No. 02-37; *O'Dell v. Garza, et al.*, Civil Action No. 01-120.

sanctioned $150.00, and the clerk of court was ordered not to accept further filings until this sanction was paid.[5] In another, plaintiff was sanctioned $500 by the United States Court of Appeals for the Fifth Circuit, and the Fifth Circuit's clerk was similarly instructed not to accept further filings.[6] These previous cases, along with the instant case, demonstrate a pattern of frivolous filings. Considering the baseless claims detailed above, the disrespectful and abusive language found in plaintiff's filings, and the burden that plaintiff's repeatedly frivolous claims place on the already over-taxed judicial system, the Court will dismiss plaintiff's claims and impose appropriate sanctions.[7]

Accordingly,

**IT IS ORDERED** that the motion of defendant, Halliburton Company ("Halliburton"), to dismiss plaintiff's claims pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure is **DENIED**.

**IT IS FURTHER ORDERED** that Halliburton's motion to dismiss plaintiff's claims pursuant to Rule 12(b)(6)[8] is **GRANTED**, and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

---

[5]*O'Dell v. Garza, et al.*, Civil Action No. 01-120, Rec. Doc. No. 8. The docket reflects that plaintiff paid this sanction on February 9, 2006.

[6]*O'Dell v. State of Texas*, Civil Action No. 06-113, Rec. Doc. No. 14 (finding that plaintiff's "response to the show cause order . . . [was] even more abusive and disrespectful than the motion for [a certificate of appealability]").

[7]In his amended complaint, plaintiff request the recusal of the undersigned, stating "for the ignorance and stupidity of Justice Lance M. Africk be it here by [sic] presented in parody and in fact." Rec. Doc. No. 18, p. 2. In an earlier filing, plaintiff also mentions that "due diligence has been followed by the petitioner in this cause; clearly showing the arrogant and asinine ignorance of Federal Judge Lance M. Africk. Criminal Charges of Conspiracy to Blockade the court are hereby filed against this colluding Judge." Rec. Doc. No. 16-2, p. 2. Despite these allegations, the Court does not find any reasons to conclude that its impartiality in this case might reasonably be questioned. *See* 28 U.S.C. § 455(a).

[8]Rec. Doc. No. 12.

**IT IS FINALLY ORDERED** that the Clerk of Court is **shall not accept further filings** from plaintiff in this case.  If plaintiff initiates any subsequent actions that the Court deems frivolous or abusive, the Court will impose monetary sanctions against plaintiff.

New Orleans, Louisiana, January __8th__, 2007.

UNITED STATES DISTRICT JUDGE